**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CIV-60433-RAR**

**OLEKSIY VYNOGRADOV**,

    Appellant,

v.

**YULIA STANISLAVOVNA BUZYUKOVA**,

    Appellee.
_____/

**<u>ORDER DISMISSING BANKRUPTCY APPEAL</u>**

Appellant, Oleksiy Vynogradov, appeals the United States Bankruptcy Court's Order (I) Sustaining Objection to Claim; (II) Denying Motion to Dismiss; and (III) Sanctioning Oleksiy Vynogradov for Violating the Automatic Stay, [ECF No. 1] ("Order") at 3-4, as well as the Bankruptcy Court's Final Judgment, [ECF No. 1] ("Final Judgment") at 6-7.[1]

Specifically, Appellant alleges that the Bankruptcy Court committed reversible error regarding factual findings and legal conclusions in its Order and Final Judgment—and by ruling that Appellant's claim is forever barred under 11 U.S.C. § 523(a)(3). In response, Appellee, Yulia Stanislavovna Buzyukova, asserts that the Bankruptcy Court did not err in its factual findings or legal conclusions and maintains that Appellant brings this appeal improperly, making "sensational attacks" on the Bankruptcy Court.

---

[1] This Court has jurisdiction to review the Bankruptcy Court's Order under 28 U.S.C. § 158(a)(1) ("The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees … of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.").

Having considered the record in its entirety, Appellant's Initial Brief [ECF No. 18] ("Initial Brief"), Appellee's Response Brief [ECF No. 19] ("Response"), and Appellant's Reply Brief [ECF No. 21] ("Reply"), it is hereby

**ORDERED AND ADJUDGED** that the Bankruptcy Court's Order and Final Judgment are **AFFIRMED,** and this appeal is **DISMISSED**.

## BACKGROUND

This case centers around a final judgment dating back to February 13, 2014. [ECF No. 8] ("Final Hearing Tr.") at 6. Appellant had a business relationship with Appellee and her husband. *Id.* at 6. The business relationship deteriorated, and litigation ensued. *Id.*; *see also* Initial Br. at 11-12. Ultimately, Appellant was awarded a final summary judgment for $123,329.28 against Appellee and her husband. Final Hearing Tr. at 6. That judgment went unpaid and is now at issue in Appellee's voluntary Chapter 13 bankruptcy petition, filed on June 26, 2019 in the United States Bankruptcy Court for the Southern District of Florida. Initial Br. at 11; Final Hearing Tr. at 7.

Appellee filed her original Chapter 13 bankruptcy petition on June 26, 2019. Initial Br. at 14. On July 8, 2019, Appellee filed her First Amended Chapter 13 plan. *Id.* The claims bar date in this case was September 5, 2019. Final Hearing Tr. at 9. On September 11, 2019, Appellee filed a Second Amended Chapter 13 Plan. Initial Br. at 6. On October 3, 2019, the Court entered an Order Confirming Appellee's Second Amended Chapter 13 Plan. *Id*. In December of 2019, Appellee's husband pled guilty to money laundering in the District of New Jersey. Department of Justice, *Florida Man Admits Laundering More than $9 Million in Account Takeover Scheme*, JUSTICE.GOV, https://www.justice.gov/usao-nj/pr/florida-man-admits-laundering-more-9-million-account-takeover-scheme (last visited October 25, 2021).

Appellee listed the $123,329.28 claim as a debt on her original bankruptcy petition and schedules. Final Hearing Tr. at 7. Attached to the claim were three creditors: Appellant; Iryna

Kobets; and the IK School of Gymnastics, LLC. *Id*. She listed 15901 Biscayne Boulevard, North Miami Beach, Florida, 33160 as the address for the IK School of Gymnastics, LLC and 18201 Collins Avenue, Apartment 5005, North Miami Beach, Florida 33160 as Appellant and Kobet's address. *Id*. at 7-8. To the best of Appellee's knowledge, Appellant and Kobets were living together and shared a son. *Id*. at 9. Thus, she listed the same address for both of them. *Id*. In addition, Appellee included Appellant, Kobets, and the IK School of Gymnastics as creditors on the list required under 11 U.S.C. § 521 and Bankruptcy Rule 1007(a)(1). *Id*. Appellee relied on Sunbiz, a State of Florida Division of Corporations' website, to locate the creditors' addresses. *Id*. at 9.

On October 1, 2019, Appellant filed a proof of claim in Appellee's Bankruptcy Case for $161,618.19. *Id*. at 9. On that claim, Appellant listed his address as 18201 Collins Avenue, Apartment 5005, Sunny Isles Beach, Florida 33160. *Id*. at 10. As judicially noticed by the Court, Appellant's address is the same on both Appellee's bankruptcy filings and on Appellant's proof of claim. *Id*. Upon Appellant's filing of the claim, Appellee's attorney objected to the claim as untimely. *Id*. at 11. Appellant filed a *pro se* response, alleging that he did not receive timely and proper notice of Appellee's bankruptcy and requesting that Appellee's Chapter 13 bankruptcy be dismissed. *Id*. Appellant had actual notice of the claim on or around September 3, 2019, at least two days before the claims bar date.[2] *Id.* at 12.

On April 21, 2020, Appellant, proceeding *pro se* in state court, filed an Order to Show Cause regarding Contempt and an affidavit of Appellant for an Order to Show Cause why Igor and Yulia Buzyukova should not be held in criminal contempt of court for failing to pay the judgment due to the IK School of Gymnastics, Kobets, and Appellant. *Id.* at 16-17. Appellant served only

---

[2] There was some discrepancy as to when Appellant received notice of the case. However, September 3, 2019 is the date credited by the Bankruptcy Court in its factual findings. Final Hearing Tr. at 11-12.

Appellee's attorneys and as a result, Appellee did not become aware of the filing until the summer of 2020. *Id*. Upon receiving the news, Appellee researched care for her children in the event she was arrested and jailed until the debt was repaid. *Id*. at 18. On August 26, 2020, Appellee's counsel demanded $25,000 in damages from Appellant for violating the automatic stay in the bankruptcy case. *Id*. On that same day, Appellant's counsel withdrew Appellant's motion for criminal contempt in state court. *Id*. Five days later, on September 21, 2020, Appellee filed a Motion for Contempt in the Bankruptcy Court for violating the automatic stay. *Id*.

On November 19, 2021, the Bankruptcy Court held an evidentiary hearing, [ECF No. 17-1] at 3963-4196 ("Evidentiary Hearing Tr."), on three contested matters in this case: Appellee's Objection to Claim of IK School of Gymnastics and Oleksiy Vynogradov; Appellant's Amended Request for Dismissal of Appellee's Bankruptcy Petition; and Appellee's Motion to Hold Appellant in Contempt of Court for Violation of the Automatic Stay. Final Hearing Tr. at 5. The Bankruptcy Court presented it's ruling in a February 10, 2021 hearing. Final Hearing Tr. In its final Order, the Bankruptcy Court sustained Appellee's Objection to Appellant's Claim, denied Appellant's Amended Request for Dismissal of Bankruptcy Petition, and granted Appellee's Motion for Contempt. Order at 4-5.

## STANDARD OF REVIEW

"The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, but reviews a bankruptcy court's legal conclusions *de novo*." *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996) (citation and internal quotations omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court upon examining the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 485 B.R. 460, 468 (S.D. Fla. 2013) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted).

"If the lower court's assessment of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573–574 (1985)). "Under *de novo* review, this Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." *In re Brown*, No. 08-1517-Orl-18, 2008 WL 5050081, at *2 (M.D. Fla. Nov. 19, 2008) (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001)). A district court may affirm a bankruptcy court order on "any ground supported by the record." *In re Gosman*, 382 B.R. 826, 839 n.3 (S.D. Fla. 2007) (citing *Bircoll v. Miami–Dade County*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007)) (internal citation omitted).

## ANALYSIS

Appellant claims the Bankruptcy Court committed reversible error in both its Order and Final Judgment. Initial Br. at 10. In response, Appellee contends that the Bankruptcy Court did not commit clear error in either its Order or Final Judgment. Resp. at 8. The Court agrees with Appellee and will address the issues raised on appeal in turn. As a result, the Bankruptcy Court's Order is **AFFIRMED**, and this appeal is **DISMISSED** as set forth herein.

### I. The Bankruptcy Court's factual findings do not constitute clear error.

Appellant argues that the Bankruptcy Court committed "clear error" when finding that: (1) Appellant was "trained in the law"; (2) Appellee's material errors and omissions in her bankruptcy filings were the result of sloppiness; (3) Appellee was not a pro bono client; (4) Appellant was noticed at the proper address; and (5) the Bankruptcy Court's determination of witnesses' credibility was faulty. A bankruptcy court commits "clear error" when the Court is left with a firm conviction that the evidence shows a mistake was committed. *See Kane*, 485 B.R. at 468. On all

five issues, a careful review of the record belies any finding that the Bankruptcy Court committed clear error.

### 1. *Appellee was trained in the law.*

First, Appellant contends that the Bankruptcy Court committed clear error when finding that Appellant had legal training. Initial Br. 14–15. On September 24, 2020, the Bankruptcy Court held a hearing to determine whether a translator, Mr. Parshin, engaged in the unauthorized practice of law by aiding Appellant in the filing of certain motions and during state court proceedings held on June 11, 2020. [ECF No. 6] ("Parshin Hearing"). In that Hearing, Mr. Parshin's counsel represented to the Bankruptcy Court that Appellant was in the process of signing an affidavit discussing his relationship with Mr. Parshin. *Id*. at 8. The affidavit would discuss Appellant's educational and professional background, including attending law school in Ukraine for five years and working for a judge in Kiev. *Id*. at 8. These representations were made to show the Bankruptcy Court that Appellant authored his own pleadings, and therefore, Mr. Parshin did not engage in the unauthorized practice of law. *Id*. at 8, 12. This Court credits the representations made by Mr. Parshin's counsel that Appellant had legal training—which were not objected to by Appellant's Counsel. Therefore, this Court does not find that the Bankruptcy Court erred upon finding that Appellant was trained in the law.

### 2. *Appellee's material errors and omissions were the result of sloppiness in her bankruptcy filings.*

Upon review of the record, the Court is not convinced that the Bankruptcy Court erred in finding that the mistakes made by Appellee in her filings were not intentional. In the Evidentiary Hearing, Appellee testified as to each material error and omission raised by Appellant. Final Hearing Tr. at 12–16. At the time of the Evidentiary Hearing, all such errors had been corrected in Appellee's amended filings. *Id*.

The Bankruptcy Court is in the best position to determine whether Appellee's testimony was credible. *See In re Englander,* 95 F.3d at 1030 (requiring a reviewing court to "give due regard" to a bankruptcy court's credibility judgments); *see also United States v. Peters,* 403 F.3d 1263, 1270 (11th Cir. 2005) (recognizing that "[a]ssessing witness credibility is uniquely the function of the trier of fact"). In this case, the Bankruptcy Court found that Appellee's testimony was credible, Final Hearing Tr. at 6, and took special care to note that "notwithstanding her husband's criminal case, not once during the evidentiary hearing did [Appellee] plead the Fifth Amendment and refuse to answer any question." *Id*. at 16. After careful review, the Court is left with the same impression as that of the Bankruptcy Court—Appellee proceeded sloppily, but did not proceed in bad faith, when filing her bankruptcy petition. Final Hearing Tr. at 29.

### 3. *Appellee was not a pro bono client.*

The Court does not find that the Bankruptcy Court committed clear error in finding that Appellee was not a pro bono client. Final Hearing Tr. at 33:16–17. Rather, the evidence suggested that Appellee and counsel had yet to discuss any type of final payment, not that the matter had been taken on a pro bono basis. *Id*. at 21:2–4. Again, the Court defers to the determination made by the Bankruptcy Court that both Appellee and her counsel, Melissa Ramnauth, presented credibly. *Id*. at 6. Specifically, Ms. Ramnauth testified to the fact that, in some capacity, Appellee had been and was being billed. Final Hearing Tr. at 18–21.

### 4. *Appellant was correctly associated with the 18201 Collins Avenue address.*

Appellant contends that the Bankruptcy Court erred by finding that his address was 18201 Collins Avenue, Apt. 5005, North Miami Beach, Florida 33160–5156. This argument is contradicted by the record and Appellant's own filings. In his own Proof of Claim form, Appellant listed the same address on Collins Avenue. Final Hearing Tr. at 24:23–25. Therefore, the

Bankruptcy Court did not err in finding that 18201 Collins Avenue was an address associated with Appellant.

### 5. *Melissa Ramnauth, Appellant's Counsel, presented credibly.*

Lastly, Appellant argues that the Bankruptcy Court clearly erred when it found that Melissa Ramnauth's testimony was credible. Initial Br. at 29. Again, Appellant's arguments are not persuasive. This Court finds no evidence in the record to warrant a credibility determination at odds with that of the Bankruptcy Court. Final Hearing Tr. at 6:13–14. Contrary to Appellant's assertions, a court's determination that an attorney is due a lesser amount of fees than they requested bears no reflection on that lawyer's credibility. Further, there is no evidence that indicates Ms. Ramnauth's use of the word "bill" was deceptive or in bad faith, particularly considering the Court's finding that Appellee was not a pro bono client. *Id*. at 33:16–17.

## II. Upon *de novo* review, the Bankruptcy Court's legal conclusions do not constitute reversible error.

Appellant argues that the Bankruptcy Court's legal conclusions constituted reversible error in six instances. The Court will conduct a *de novo* review of each instance in turn.

### 1. *Appellant willfully violated the automatic stay triggered by Appellee's bankruptcy case and was entitled to both actual and punitive damages.*

The filing of a bankruptcy petition operates as an automatic stay against most other entities, including those who are entitled to "recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a). There are few exceptions to the automatic stay, one being "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). As noted by the Bankruptcy Court, Appellant holds a 2014 judgment against Appellee. Final Hearing Tr. at 30:19–20. During the pendency of this bankruptcy action, on April 21, 2020, Appellant filed two orders to show cause in state court, including one for criminal contempt. *Id.* at 16:18–17:3. At the Evidentiary Hearing, Appellant

testified that he "wanted to show the Court that she [Appellee] was disregarding the judgment … and she was not doing anything to – following the judgment of the Court." *Id.* at 30:22–31:5. While Appellant attempts to cloak the motion as one for criminal contempt, it is clear to this Court, as it was to the Bankruptcy Court, that Appellant was attempting to recover on a claim arising prior to Appellee's filing of her Chapter 13 bankruptcy petition, in clear violation of the automatic stay.[3] Initial Br. at 30; Final Hearing Tr. at 31:6–12.

Next, the Court considers whether Appellant's violation of the automatic stay was willful. A violation of the automatic stay is willful if the party knew the automatic stay was invoked and intended the actions which violated the stay. *In re Jove Engineering, Inc.*, 92 F.3d 1539, 1555 (11th Cir. 1996). Based on the Bankruptcy Court's factual findings, Appellant was aware and actively involved in Appellee's bankruptcy case at the time Appellant filed the state court motion for criminal contempt in April 2020. Final Hearing Tr. at 31:22–25. Further, as made clear in his testimony, Appellant intended to file the state court motion for criminal contempt. Final Hearing Tr. at 30:22–31:5. Thus, the Court agrees that the violation was willful.

Lastly, the Court considers whether the award of damages in this case was appropriate. A debtor who is injured by a willful violation is entitled to recover his or her actual damages including costs and attorneys' fees, and if appropriate, may also recover punitive damages. 11 U.S.C. § 362(k); *see also In re Lyubarsky*, 615 B.R. 924, 929 (Bankr. S.D. Fla. 2020), *In re Sehman,* No. 21-30141, 2021 WL 3520430, at *5 (Bankr. N.D. Fla. 2021). Contrary to Appellant's assertion that "the only damages recoverable for a stay violation are actual damages", 11 U.S.C. §

---

[3] Appellant argues that Appellee did not have standing to file her Motion for Contempt on September 1, 2020 because Appellant withdrew his state court contempt motion on August 26, 2020—at which point, he argues, the injury was incapable of being repeated. Initial Br. at 31. The Court disagrees. Appellant could have continued to file such motions, regardless of whether he withdrew the state court contempt motion prior to Appellee's filing of the Motion for Contempt.

362(k) explicitly allows for, in appropriate circumstances, punitive damages. *Lodge v. Kondaur Capitol Corp.*, 750 F.3d 1263, 1268 (11th Cir. 2014).

Punitive damages for a willful violation of an automatic stay are appropriate when a party acts with reckless or callous disregard for the law or rights of others. 11 U.S.C. § 362(k). Courts in the Eleventh Circuit have considered five factors in determining whether punitive damages are proper: "(1) the nature of defendant's conduct; (2) the nature and extent of harm to plaintiff; (3) the [defendant]'s ability to pay; (4) the motives of defendant; and (5) any provocation by the debtor." *In re Harrison*, 599 B.R. 173, 187–188 (Bankr. N.D. Fla. 2019); *see also In re Roche*, 361 B.R. 615, 624 (Bankr. N.D. Ga. 2005).

Appellant argues that Appellee is not entitled to "actual damages" because she is a "pro bono" client and therefore, cannot recover attorney's fees. Initial Br. at 32. However, Appellee was not a pro bono client, rendering the basis for Appellant's argument moot.[4] Further, courts may award attorney's fees pursuant to § 326(h) even if a debtor has suffered no other compensable harm. *Parker v. Credit Central South, Inc.*, 634 F. App'x 770, 774 (11th Cir. 2015); *see also In re Hedetneimi*, 297 B.R. 837, 842 (Bankr. M.D. Fla. 2003) (citing *In re Robinson,* 228 B.R. 75, 85 (Bankr. E.D.N.Y. 1998). Said fees must be reasonable. *In re Hedetneimi*, 297 B.R. at 842. "The explicit, specific, and broad language [of § 362(k)(1)] permits the recovery of attorneys' fees incurred in stopping the stay violation, prosecuting a damages action, and defending those judgments on appeal." *In re Horne*, 876 F.3d 1076, 1081 (11th Cir. 2017). In the instant case, the

---

[4] Even if Appellee were a pro bono client, federal courts have awarded attorney's fees to parties in cases where the client was represented by pro bono counsel. *Lyubarsky*, 615 B.R. at 935; *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).

Court finds that an award of actual damages (which were exclusively attorney's fees) was legally appropriate.[5]

Next, Appellant contends that punitive damages were not warranted because (1) Appellee did not request them in her Motion for Contempt [ECF No. 11] ("Motion for Contempt") at 763–766, and (2) because Appellee did not present evidence demonstrating that all five factors considered by the Eleventh Circuit in awarding punitive damages were met. Initial Br. at 32; 34. Contrary to the assertions of Appellant, Appellee did raise the issue of punitive damages in her Motion for Contempt. Motion for Contempt at 765 ¶ 16. Specifically, Appellee requested "any other relief deemed just and appropriate by th[e] Court." *Id*. at 766.

Further, the five factors considered in awarding punitive damages weigh in favor of Appellee's award: the nature of Appellant's conduct was egregious; Appellee was harmed; Appellant was clearly seeking to collect on a prepetition debt; and there was no evidence of provocation by Appellee. Final Hearing Tr. at 35; *see also In re Harrison*, 599 B.R. at 188, *In re Roche*, 361 B.R. at 624. The only remaining factor for the Court to consider is evidence of Appellant's ability to pay. Here, the Bankruptcy Court lacked any evidence of Appellant's ability to pay. Final Hearing Tr. at 35:7–8. However, a lack of specific evidence of a party's ability to pay is not dispositive of whether an award of punitive damages is warranted. For instance, in *Lyubarsky*, the Court could not point to any specific evidence of the Creditors' ability to pay. *In re Lyubarsky*, 615 B.R. at 938. However, the court still issued an award for punitive damages. *Id*.

---

[5] Insofar as the parties ask the Court to reconsider the amount of attorney's fees awarded, the Court concludes that the Bankruptcy Court applied the proper legal principles and therefore reviews the award of attorneys' fees for abuse of discretion. *Easley v. Collection Serv. of Nev*., 910 F.3d 1286, 1289 (9th Cir. 2018)); *see also Eskanos & Adler, P.C. v. Roman (In re Roman),* 283 B.R. 1, 7 (9th Cir. BAP 2002) (internal quotation marks and citations omitted)). The Bankruptcy Court did not abuse its discretion in awarding Appellee $6,300 in attorney's fees. Final Hearing Tr. at 34.

### 2. *Appellee's Chapter 13 Plan was not procured by fraud under 11 U.S.C. § 1330(a).*

Under 11 U.S.C. § 1330(a), a party in interest may request the revocation of an order of confirmation if such order was procured by fraud. To prove that a debtor obtained a confirmation of his plan by fraud, the creditor must prove: (1) that the debtor made a representation regarding his compliance with § 1330(a) which was materially false; (2) that the representation was either known by the debtor to be false, or was made without belief in its truth, or was made with reckless disregard for the truth; (3) that the representation was made to induce the court to rely upon it; (4) that the court did rely upon it; and (5) that as a consequence of such reliance, the court entered confirmation. *See In re Nikoloutsos*, 199 F.3d 233, 238 (5th Cir. 2000) (citing *In re Edwards*, 67 B.R. 1008, 1009–10 (Bankr. D. Conn. 1986)). Courts review findings of fact within this framework for clear error. *Id*. As a threshold matter, the Court finds that the Bankruptcy Court, in applying the *Nikoloutsos* framework, applied the correct legal test to determine whether revocation under § 1330 was proper. Final Hearing Tr. at 27–28.

To put it simply, Appellant argues that Appellee intentionally lacked candor in filling out her bankruptcy petition. Initial Br. at 32–34. Specifically, she failed to list a potential claim against Adem International, LLC for $150,000; closed Bank of America accounts; and her connection to Vigor Green. Final Hearing Tr. at 11-19. Of these errors, the Bankruptcy Court did find that the failure to list the $150,000 claim from Adem International was a material omission. Final Hearing Tr. at 28:20–22. This Court, like the Bankruptcy Court, emphasizes a debtor's responsibility to be truthful and complete when filling out their bankruptcy schedules. However, as the Bankruptcy Court pointed out, and as this Court would like to reiterate, Appellee has amended her bankruptcy schedule to account for not only the Adem International omission, but for the omissions related to the closure of several Bank of America accounts, and her involvement in Vigor Green, her husband's business. *Id*. at 28:22–24. And, as with most Chapter 13 plans, the

Bankruptcy Court relied on Appellee's regular income to construct and confirm her plan, not on "intangible assets that are speculative at best." *Id*. at 29:5–8.  Ultimately, this Court agrees with the Bankruptcy Court, and does not find that these mistakes and omissions amounted to fraud.

> 3. ***The Bankruptcy Court did not deny Appellant sufficient notice and procedural due process by (1) finding that two days of notice prior to the bar date was sufficient; (2) by awarding punitive damages to Appellee; and (3) by disallowing Appellant's Claim under 11 U.S.C. § 523(a)(3).***

Under 11 U.S.C. § 502, a claim or interest, proof of which is filed under § 501, is deemed allowed unless a party in interest objects.  A creditor must file a proof of claim no later than 70 days after the order for relief under the appropriate chapter is entered.  Fed. R. Bankr. P. Rule 3002(c).  On a motion filed by a creditor before or after the claims bar date, the court may extend the time by not more than 60 days if (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or (B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.  Fed. R. Bankr. P. Rule 3002(c)(6).

Appellant argues that the Bankruptcy Court erred when finding that two days of actual notice was sufficient to file a proof of claim in this case.  Initial Br. at 36.  The Bankruptcy Court found, and this Court agrees, that Appellant had actual notice of Appellee's bankruptcy petition on or before September 3, 2019.  The claims bar date in this case was September 5, 2019 and Appellant filed his claim on October 1, 2019.  Final Hearing Tr. at 24:14–21.  Appellee argues that the claim is untimely, as Appellant had actual notice of the bankruptcy prior to September 5, 2019.  Resp. Br. at 23.

As a matter of law, neither exception contained in Fed. R. Bankr. P. Rule 3002(c)(6) warrants an extension of the time to file a claim.  As determined by the Bankruptcy Court, the

debtor timely filed a list of creditors' names and addresses, including Iryna Kobets and Appellant at 18201 Collins Avenue, Apartment 5005, North Miami Beach, Florida 33160. Final Hearing Tr. at 8:15–23. The address listed by Appellee matched the address Appellant listed on his October 1, 2019 proof of claim. *Id.* at 10:1–7. Further, Appellant was sent two court-issued Certificates of Notice on June 29, 2019 and the Appellee filed a Certificate of Service on July 8, 2019. Resp. Br. 19. That, coupled with Appellant's own testimony that he had actual notice of Appellee's bankruptcy on September 3, 2019, persuades the Court that Rule 3002(c)(6)(A) does not apply.

The second exception is equally inapplicable because notice of the bankruptcy was not mailed to a foreign address. Fed. R. Bankr. P. Rule 3002(c)(6)(B). Insofar as Appellant cites *In Re Fitzgerald* in support of its argument, the Court finds that *In re Fitzgerald* actually supports the Bankruptcy Court's holding that notice was sufficient and the claim should be barred as untimely. 8:19-07741, 2020 WL 5745973 (M.D. Fla. 2020). The case relies on a finding that the debtor listed the creditor's address incorrectly, a fact that is not present here. *Id*. at *4. In sum, the Court finds that notice to Appellant was sufficient and Appellant's proof of claim was untimely.

Next, Appellant argues, for a second time, that awarding punitive damages violated Appellant's procedural due process because damages were not requested in Appellee's Motion for Contempt. Initial Br. at 36. This is patently false. In Appellee's Motion for Contempt, Appellee specifically requested "any other relief deemed just and appropriate by th[e] Court." Motion for Contempt at 766.

Lastly, Appellant argues that he was denied sufficient notice and due process because the Bankruptcy Court made a determination that Appellant's claim was not a type specified by 11 U.S.C. § 523(a)(3). Initial Br. at 36. He posits that this issue was not in front of the Bankruptcy Court and should therefore not have been addressed. *Id*. However, the Bankruptcy Court is not barred from considering relevant law outside of that presented by the debtor or creditor. Here, the

Bankruptcy Court concluded that Appellant's claim is not one that would be excepted from discharge under 11 U.S.C § 523(a)(3) as Appellant's claim was listed and scheduled as required by 11 U.S.C § 521(a)(1). Final Hearing Tr. at 25. This finding had no effect on whether Appellant's untimely claim should have been allowed; whether Appellant's amended request for dismissal of Appellee's Chapter 13 bankruptcy claim should have been granted; or whether Appellant violated the automatic stay when he filed a motion for criminal contempt in the underlying state court case and thus, provide no grounds for reversal.

### 4. *The Bankruptcy Court did not abuse its discretion when making certain rulings at the November 19, 2021 Evidentiary Hearing.*

The Court reviews the Bankruptcy Court's evidentiary rulings for an abuse of discretion. *In re Int'l Mgmt. Assocs., LLC*, 781 F.3d 1262, 1265 (11th Cir. 2015); *see also In re Walker*, 515 F.3d 1204, 1213 (11th Cir. 2008), *United States v. Malol,* 476 F.3d 1283, 1291 (11th Cir. 2007). And even if the bankruptcy court did commit an abuse of discretion, a district court will only overturn an evidentiary ruling if the defendants have shown that the ruling had a "substantial prejudicial effect." *Adams v. Austal, U.S.A., L.L.C.,* 754 F.3d 1240, 1248 (11th Cir. 2014) (quotation marks and citations omitted).

Here, Appellant argues that the Bankruptcy Court prevented Appellant and Appellee from testifying about certain topics during the Evidentiary Hearing. Initial Br. 29–30. Upon careful review of the transcript, the Court has assured itself that the determinations made by the Bankruptcy Court, largely related to relevancy, whether a question was more prejudicial than probative, and vagueness, did not constitute an abuse of discretion. Evidentiary Hearing Tr. at 4162:12–4163:25; *see also id*. at 4163:8–23. Further, even if the Bankruptcy Court had abused its discretion, the Court does not find that any of these evidentiary rulings would have substantially prejudiced Appellant. Accordingly, reversal is unwarranted.

### III. Appellee's Motion for Attorney's Fees and Costs warrants denial.

Appellee asks this Court to award her attorney's fees and costs pursuant to Fed. R. Bankr. P. Rule 8020 and Fed. R. App. P. 38. *See* Motion for Attorney's Fees [ECF No. 22]. Rule 8020 is similar to Rule 38 and allows a district court to award "just damages and single or double costs to the appellee" when the appeal is frivolous. Fed. R. Bankr. P. 8020; Fed. R. App. P. 38; *see also Steffen v. Berman,* No. 8:09-1953, 2010 WL 2293235, at *1 (M.D. Fla. June 7, 2010). An appeal is frivolous when "the result is obvious or when the appellant's argument is wholly without merit." *Id*. (citations omitted). While Appellant's arguments ultimately are not successful, Appellant is not barred from challenging the sufficiency of factual findings or legal conclusions and therefore, the Court does not find that the appeal was frivolous. Accordingly, Appellee's Motion for Attorneys' Fees and Costs related to a Frivolous Appeal [ECF No. 22] is **DENIED**.

### CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED AND ADJUDGED** that the Bankruptcy Court's Order and Final Judgment is **AFFIRMED,** and this appeal is **DISMISSED with prejudice.** The Clerk is directed to **CLOSE** this case and any remaining motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of November, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record